FILED
U.S. District Court
District of Kansas

IN THE UNITED STATES DISTRICT COURT     OCT 31 2025

Clerk, U.S. District Court
By *SMH* Deputy Clerk

DISTRICT OF KANSAS – WICHITA DIVISION

U.S. Courthouse · 401 North Market Street · Room 204 · Wichita KS 67202

Adarah Zionne & Co. Charitable Trust                    **Case no. 6:25-cv-01245-JWB-BGS**

Domicile: Near Wichita, Kansas [67207]

by Trustee Karena Dawn: Hickles, Natural Woman and Fiduciary

In Propria Persona · Sui Juris · Lex Fiduciaria

    Plaintiff (Pursuer)


v.


John A. Bell; April Kecece (Sedgwick); Sarah Guy; HOA Management Services; and Ascension Via Christi St. Joseph Emergency Department

    Defendants (Defenders)


Case No. _____


PETITION FOR VIOLATION OF SECURITY AGREEMENT, DEPRIVATION OF DUE PROCESS, DOCUMENT FRAUD, AND BREACH IN HONOR AND EQUITY


I. Jurisdiction and Authority

    1. This Honorable Court holds jurisdiction under Article III, Sections 1–2 of the Constitution, extending judicial power to all cases in law and equity.

2. Federal-question jurisdiction lies under 28 U.S.C. § 1331, as this Petition arises under the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 3617, and the Fair Housing Act.

3. Civil-rights jurisdiction is proper under 28 U.S.C. § 1343(a)(3)-(4).

4. Declaratory and injunctive relief are sought under 28 U.S.C. §§ 2201-2202.

5. Venue is proper under 28 U.S.C. § 1391(b) as all acts occurred within the Wichita Division.

## II. Parties and Standing

1. The living woman Karena Dawn: Hickles acts as Trustee for Adarah Zionne & Co. Charitable Trust, a private charitable and ecclesiastical entity domiciled Near Wichita Kansas Territory.

2. Defendants John A. Bell, April Kecece, Sarah Guy, and HOA Management Services, along with agents of Ascension Via Christi St. Joseph, acted jointly or in concert to interfere with the Trust estate and deprive the Trustee of lawful rights and security.

## III. Equity Character and Maxims

1. This action proceeds under Common Law and Law Merchant, preserved under Article III, § 2.

2. Equity will not suffer a wrong to be without a remedy (ubi jus ibi remedium), acts upon the conscience, and regards as done that which ought to be done.

3. The Trustee brings this matter in conscience, in honor, and in peace, seeking restoration through lawful judgment in equity.

## IV. Incorporation of Affirmed Declarations

This Petition incorporates the following affirmed declarations made under 28 U.S.C. § 1746 and adopted into the record pursuant to Fed. R. Civ. P. 10(c):

Exhibit A - Affirmation of Trustee Karena Dawn: Hickles

Exhibit B - Affirmation of Dawn Greene Vaden

    Exhibit C – Affirmation of [Father of the Child]

    Exhibit D – Additional Witness Affirmations

    Exhibit E – Professional Evaluation (no psychological diagnosis)

    All affirmations stand as verified facts in conscience and law

## V. Factual Background

1. In August 2025, Defendants Sarah Guy and April Kecece, acting under HOA Management Services, began a campaign of harassment and interference, including surveillance, false reports, and obstruction of the Trustee's quiet enjoyment of the property at Unit 914.

2. False and injurious statements were conveyed by Sarah Guy to John A. Bell, landlord, resulting in deterioration of the Trustee's reputation and contractual standing.

3. Without notice or consent, John Bell unlawfully entered the premises and left a lease agreement inside the home, which bore copied signatures purporting to belong to the Trustee and the child's father.

4. No such lease was ever executed by the Trustee or the child's father, and no wet-ink signatures exist.

5. Plaintiff hereby demands production of the original lease document bearing genuine wet signatures, as any copy containing reproduced signatures constitutes a forged or fraudulent instrument inconsistent with U.S. Const. art. I, § 10 (Obligation of Contracts) and the fiduciary protections of equity.

6. After the dispute concerning unauthorized HOA entry, John Bell increased the rent, demonstrating retaliation in concert with Sarah Guy and April Kecece.

7. In September 2025, municipal officers, acting on false reports by April Kecece, seized the Trustee, removed her child, and compelled her transport to Ascension Via Christi St. Joseph.

8. At said facility, agents disregarded the Trust's bona fide medical and religious exemption directives and performed involuntary medical procedures, while hospital staff declared the Trustee "had no rights" within the facility.

9. From October 18 to October 21, 2025, the Trustee was concealed from family and friends, who were falsely informed that no patient by her name existed, preventing lawful contact.

10. During her detention, a September 23, 2025 hearing in prior small claims action proceeded in her absence, producing a default judgment unsupported by witness evidence.

11. The Trustee's licensed therapist has certified no mental illness or impairment, validating her private capacity and competency under equity and natural law.

## VI. Causes of Action

### Count I – Interference and Retaliation in Housing Rights

(42 U.S.C. § 3617; United States v. City of Black Jack, 508 F.2d 1179 (8th Cir. 1974))

Defendants interfered with Plaintiff's lawful housing rights by harassment, false reports, unauthorized entry, retaliatory rent increase, and reputational injury.

### Count II – Deprivation of Rights Under Color of Law

(42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); West v. Atkins, 487 U.S. 42 (1988))

Defendants, private and public, acted jointly under color of state authority to deprive the Trustee of liberty, security, and property without due process.

### Count III – Forgery and Fraudulent Instrument

(42 U.S.C. § 1983; Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Dennis v. Sparks, 449 U.S. 24 (1980))

The production and circulation of a lease bearing copied signatures constitute documentary fraud and constructive forgery, impairing the contractual integrity of the Trust estate.

Plaintiff demands production of the original, wet-signed lease document for inspection.

### Count IV – Procedural and Substantive Due Process Violations

(U.S. Const. amends. V & XIV; Zinermon v. Burch, 494 U.S. 113 (1990); Mathews v. Eldridge, 424 U.S. 319 (1976); Youngberg v. Romeo, 457 U.S. 307 (1982))

Defendants deprived Plaintiff of liberty and bodily autonomy without notice, hearing, or lawful process.

## Count V — Retaliation and Denial of Access to Court

(42 U.S.C. § 1983; Carey v. Piphus, 435 U.S. 247 (1978))

Defendants' concealment of the Trustee's location and false detention prevented her appearance at hearing, leading to an unjust default judgment.

## Count VI — Defamation and Reputational Harm Through Collusion

(Smith v. Wade, 461 U.S. 30 (1983))

False statements circulated among Sarah Guy, April Kecece, and John Bell injured Plaintiff's reputation and standing in tenancy and community relations.

## VII. Federal Relief Requested

Plaintiff requests the following relief:

1. Declaratory judgment under 28 U.S.C. § 2201 declaring all described acts unlawful under the Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1983, 3617.

2. Order compelling production of the original lease document bearing genuine wet signatures or a declaration that no such instrument lawfully exists.

3. Permanent injunction restraining Defendants from further interference, entry, retaliation, or use of falsified contracts.

4. Compensatory damages for loss of liberty, bodily integrity, emotional distress, reputational harm, and economic injury.

5. Punitive damages against non-municipal actors for willful indifference to constitutional and equitable rights.

6. Attorney's fees and costs under 42 U.S.C. § 1988(b).

7. Any further equitable relief this Court deems just and proper in conscience.

## VIII. Tender, Accord, and Satisfaction

Trustee made lawful tender and settlement in good faith. Refusal constitutes breach of honor and conscience. Equity regards the obligation as satisfied where tender is lawfully made and refused.

## IX. Affirmation

I, Karena Dawn: Hickles, Trustee for Adarah Zionne & Co. Charitable Trust, affirm under 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge and belief, executed in honor and conscience.

Executed October 30, 2025, Near Wichita, Kansas

Trustee Autograph  *[signature]* all rights reserved without prejudice

Karena dawn: hickles — Trustee

Lex Fiduciaria · All Rights Perfected in Perpetuity

## Certificate of Service

I certify that a true and correct copy of this Petition was served upon each Defendant by certified mail on the ___ day of _____ 2025.