IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KARENA DAWN HICKLES,
on behalf of Adarah Zionne & Co.
Charitable Trust,

        Plaintiff,

v.                                                                   Case No. 25-1245-JWB

JOHN A. BELL, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks G. Severson's report and recommendation, (Doc. 9), that Plaintiff's lawsuit be dismissed. Plaintiff was given 14 days after service of the magistrate judge's R&R to lodge any objections to the recommendation. According to the tracking number, Plaintiff received the magistrate judge's report on December 26, 2025. Plaintiff's deadline was therefore January 9, 2026. As of the date of this order, no objections have been filed. As a consequence, the court ADOPTS the magistrate judge's recommendation and DISMISSES Plaintiff's complaint without prejudice.

Plaintiff's failure to timely object to any portion of the R&R leaves her with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

1

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The court agrees with the magistrate judge that Plaintiff's complaint should be dismissed. As she explained, Plaintiff's complaint makes allegations collectively as Plaintiff does not specify which of her six counts apply to each of the five defendants. This fails to comply with Federal Rule of Civil Procedure 8(a) which requires litigants to supply the opposing party with the most basic information to conduct a lawsuit in federal court. Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."). Plaintiff has not met this burden; therefore, her lawsuit must be dismissed. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Accordingly, the court DISMISSES Plaintiff's complaint without prejudice. IT IS SO ORDERED. Dated this 29th day of January, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE